UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOWN OF HOMER, INC., ET AL. | CIVIL ACTION NO. 05-1670 |
| versus | JUDGE HICKS |
| UNITED HEALTHCARE OF LOUISIANA | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

This lawsuit was filed by the Town of Homer, d/b/a Homer Memorial Hospital ("Homer Hospital") against United Healthcare of Louisiana ("United") seeking damages, penalties and other relief for United's alleged (i) breach of a provider agreement between Homer Hospital and United [Petition, ¶ 39] and (ii) failure to pay health insurance benefits to Homer Hospital's employees under a group health insurance policy [Petition, ¶ 36]. Homer Hospital alleges that it is the assignee of its employees with respect to the second set of claims. Petition, ¶ 35.

Before the court are two motions: (1) Motion to Dismiss Proceedings and Compel Arbitration (Doc. 9) filed by United; and (2) Motion to Remand (Doc. 12) filed by Homer Hospital. United's motion argues that the participation agreement between Homer Hospital and United and the group health policy both require that this dispute be submitted to binding arbitration. Homer Hospital argues that the court lacks subject matter jurisdiction and the authority to compel arbitration. According to Homer Hospital, the removal of this case to

federal court was improper because the health insurance claims at issue in this case arise out of a "governmental plan" that falls within an exception to ERISA. If Homer Hospital is correct and the plan is a governmental plan, then the court lacks subject matter jurisdiction, including the authority to compel arbitration, and the case should be remanded to state court.

**Subject Matter Jurisdiction**; **Burden of Proof**

The Fifth Circuit has consistently held that the party who urges jurisdiction bears the burden of demonstrating that the case is one which is properly before the federal tribunal. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981); Shirley v. Maxicare Texas, Inc., 921 F.2d 565, 567 (5th Cir. 1991). This is especially true in removed cases, where the removing party has the burden of proving that federal jurisdiction exists. DeAguilar v. Boeing, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**ERISA; Governmental Plans**

United removed the case to federal court on the sole basis that Homer Hospital's claims relate to an employee welfare benefit plan governed by ERISA. Notice of Removal, ¶¶ 4-6. Homer Hospital argues that ERISA does not apply because the plan at issue is a governmental plan that is exempt from ERISA pursuant to 29 U.S.C. §1003(b). The parties agree – and the law is clear – that ERISA does not apply to governmental plans. 29 U.S.C. § 1003(b)(1); Shirley v. Maxicare Texas, Inc., 921 F.2d 565, 567 (5th Cir. 1991); Hightower

v. Texas Hospital Assn., 65 F.3d 443, 450 (5th Cir. 1995). The issue in this case is whether the Homer Hospital plan is such a plan.

29 U.S.C. § 1002(32) defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." The exception was created by Congress with the intent to leave the states some control over their own retirement plans. Hightower, 65 F.3d at 450. Unfortunately, the terms "political subdivision," "agency" and "instrumentality" are not defined by ERISA. Therefore, some courts have turned to Internal Revenue Code rulings for guidance. Pridgen v. Texas Mutual, 2004 WL 2070956 *3 (N.D. Tex. 2004)(citing cases). Pridgen quotes two such revenue rulings: 57-128 and 89-49.

57-128 states:

In cases involving the status of an organization as an instrumentality of one or more states or political subdivisions, the following factors are taken into consideration: (1) whether it is used for a governmental purpose and performs a governmental function; (2) whether performance of its function is on behalf of one or more states or political subdivisions; (3) whether there are any private interests involved, or whether the states or political subdivisions involved have the powers and interests of an owner; (4) whether control and supervision of the organization is vested in public authority or authorities; (5) if express or implied statutory or other authority is necessary for the creation and/or use of such an instrumentality, and whether such authority exists; and (6) the degree of financial autonomy and the source of its operating expenses.

89-49 states:

A plan will not be considered a governmental plan merely because the sponsoring organization has a relationship with a governmental unit or some

quasi-governmental power. One of the most important factors to be considered in determining whether an organization is an agency or instrumentality of the United States or any state or political subdivision is the degree of control that the federal or state government has over the organization's everyday operations. Other factors include: (1) whether there is specific legislation creating the organization; (2) the source of funds for the organization; (3) the manner in which the organization's trustees or operating board are selected; and (4) whether the applicable governmental unit considers the employees of the organization to be employees of the applicable governmental unit. Although all of the above factors are considered in determining whether an organization is an agency of a government, the mere satisfaction of one or all of the factors is not necessarily determinative.

**Arguments of the Parties; Analysis**

United argues that Homer Hospital employs its own employees and sponsored its own health plan, separate and apart from the Town of Homer. United also points out that Homer Hospital maintains separate accounting records, payroll and expenses from the Town. According to United, while the Town of Homer may own Homer Hospital, the Town of Homer did not establish the health plan – Homer Hospital did. United contends that the fact that the plan was established for employees of the Hospital and not employees of the Town is critical. United also points out that the plan documents state that the plan is governed by ERISA.

In support of its argument that ERISA is inapplicable because the plan is a governmental plan, Homer Hospital argues that it is a political subdivision of the State of Louisiana; that its employees are treated as municipal employees and are members of the Municipal Employees Retirement System of Louisiana; that it is part of the Town of Homer; and that it is not a separate juridical entity. Homer Hospital also states that most members

of the board of directors are appointed by the mayor; the board must present annual reports to the mayor and selectmen; certain financial decisions must be approved by the mayor and selectmen; annual reports must be filed with the Louisiana Legislative Auditor's Office; its employees are treated as municipal employees; and it is not required to file federal income tax returns. Homer Hospital also explains that maintaining separate accounting from the Town simply allows the Hospital to gauge its financial status more accurately at any given moment.

After carefully reviewing all of the parties' briefs (and attachments) and the cases interpreting the governmental plan exception, the undersigned believes that United construes the exception too narrowly. While not all of the factors in the two above-cited revenue rulings apply, the balance of all of the factors weighs in favor of a finding that – for the purposes of ERISA – Homer Hospital is an agency or instrumentality of the Town of Homer.

In Shirley, 921 F.2d 565 (5th Cir. 1991), a Texas public school district's health plan was found to be a "governmental plan" exempt from provisions of ERISA. In that case, a school district employee brought suit in state court seeking a declaration that the health insurer was obligated to pay for a liver transplant. The case was removed from state court, and the federal district court ordered arbitration. The Fifth Circuit held that the governmental plan exception applied, and district court lacked subject matter jurisdiction to order arbitration. The removing party failed to meet its burden of establishing federal jurisdiction.

In <u>Berthelot v. Travelers Insurance Co.</u>, 973 F.Supp. 596 (E. D. La. 1997), the court stated (without discussion) that the Orleans Parish School Board is an agency or instrumentality of a political subdivision of the State of Louisiana, namely the Parish of Orleans. Therefore, because the plan at issue in that case consisted of a contract between the Orleans Parish School Board and the insurer, the plan was exempt from the constraints of ERISA.

In <u>Arnold v. Cincinnati/Northern Kentucky International Airport Group Benefit Plan</u>, 182 F.Supp.2d 605 (E. D. Ky. 2002), the court found that a Kenton County Airport Board was a political subdivision or instrumentality of the State of Kentucky. Therefore, the plan at issue fell under ERISA's "governmental plan exception" thereby defeating federal question jurisdiction. The court noted that the airport board was established by statute; that the board was granted powers that were governmental in nature; and the Kentucky legislature had declared that the exercise of powers granted to airport boards are declared to be public, governmental and municipal functions exercised for public purpose. <u>Id</u>. at 607. Accordingly, the court found that the Kenton County Airport Board qualified as a political subdivision or instrumentality of the state for purposes of ERISA's governmental plan exception.

Perhaps more on point is <u>Auto-Owners Insurance Co. v. Fairview Medical Care Facility Employee Benefit Plan</u>, 1994 WL 1885259 (W.D. Mich. 1994). The issue was whether a plan issued by Fairview Medical Care Facility, a state licensed medical facility

operated by St. Joseph County, was a governmental plan. The court noted that the plan was established by the county board of social services for the benefit of the medical care facility's employees. The court also found that, because the social welfare board was responsible to public officials, the social welfare board was properly considered a political subdivision. Accordingly, because the plan was established by the social welfare board, it was a governmental plan and fell within the governmental plan exemption to ERISA.

The uncontroverted evidence before the court shows that the Town of Homer is a political subdivision of the State of Louisiana. Reply Memorandum in Support of Motion to Remand, Exhibit A. The evidence further shows that Homer Hospital is a public hospital owned by the Town of Homer and created by an ordinance of the Town of Homer. Reply Memorandum, Exhibit B. The members of the board of directors of Homer Hospital are, with only a few exceptions, appointed by the mayor and selectmen of the Town of Homer. The board reports directly to the mayor and town council. Employees of Homer Hospital are members of the Municipal Employees Retirement System of Louisiana. Reply Memorandum, Exhibit D. These facts show that Homer Hospital is an agency or instrumentality of the Town of Homer.

United seeks to avoid the governmental plan exception by focusing on the separateness of Homer Hospital from the Town of Homer. United argues that the plan provides coverage only to Homer Hospital's employees, not the employees of the Town of Homer. According to United, the plan at issue was created and sponsored by Homer Hospital acting as a separate and distinct entity from the Town of Homer. As mentioned, United

contends that the fact that the plan was established only for hospital employees and not town employees is critical. Opposition to Plaintiff's Motion to Remand, p. 5. United also argues that the plan documents themselves establish that they are governed by ERISA.

The court finds United's arguments unpersuasive. The fact that the employees of Homer Hospital are covered by a different plan than other employees of the Town is irrelevant. Does every agency or instrumentality of a political subdivision have to be a member of the same plan for any of the plans to fall within the governmental plan exception to ERISA? If employees of the a city's Parks and Recreation Department are covered by Plan A, but employees of the Streets and Drainage Department (who may be considered a greater coverage risk) are covered by Plan B, both plans are still governmental plans. In this case, the Town of Homer owns and, to some extent, controls the Hospital. There is no indication to the contrary.

Similarly, the fact that United's plan documents refer to ERISA or even state that they are governed by ERISA is of no moment. The governmental plan exception from ERISA cannot be waived by the simple expedient of the insurer including boilerplate language referring to ERISA in the plan documents. Auto-Owners Insurance Co., supra.

**Conclusion**

The court finds that the plan in this case falls within the governmental plan exception to ERISA. Because Homer Hospital is owned and controlled by the Town of Homer, it is, at a minimum, an agency or instrumentality of the Town. It would be incongruous for a plan that covers municipal employees who work for the Hospital to be governed by ERISA when

the plan that covers employees of another department or agency of the Town is not. It is doubtful that Congress intended such a result. Pursuant to 29 U.S.C. § 1002(32), the plan established or maintained for the employees of Homer Hospital is a governmental plan. Accordingly, ERISA does not apply, and this court lacks subject matter jurisdiction over this case.

Accordingly;

**IT IS RECOMMENDED that United's Motion to Dismiss Proceedings and Compel Arbitration (Doc. 9) be denied and the Motion to Remand (Doc. 12) filed by the Town of Homer be granted.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE